UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARINA FRANCO-REY,**

       **Plaintiff,**

v.                                                    **Case No: 6:22-cv-1334-CEM-EJK**

**OSCAR VEGA VAZQUEZ,**

       **Defendant.**

**ORDER**

This cause comes before the Court on *pro se* Plaintiff's Motion to Keep Case from Public Record (the "Motion"), filed August 16, 2022. (Doc. 8.) Upon consideration, the Motion is due to be denied.

Plaintiff seeks to keep this case "exempt from public record" due to "cyberstalking, defamation of character, aggravated assault, and all other mentioned . . . due to the severity and all those involved that have been under the public corruption cyberstalking eye." (*Id.* at 1.) Beyond this, the Motion does not discuss the Complaint or explain why the case should be shielded from the public view.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and

> telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

In addition to compliance with the Local Rules, this circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). Courts in this country recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

However, a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Plaintiff has failed to comply with the Local Rules and not met her burden of demonstrating good cause to seal the instant action. Accordingly, it is hereby **ORDERED** that the Motion to Keep Case from Public Record (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE